IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER BROWN,**　　　　　　　　**CASE NO. 2:06-cv-448**
　　　　　　　　　　　　　　　　　　　　**JUDGE SMITH**
　　　　**Petitioner,**　　　　　　　　　**MAGISTRATE JUDGE KEMP**

**v.**

**MICHAEL SHEETS, Warden,**

　　　　**Respondent.**

## ORDER

　　　　Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's October 13, 2006, limited motion for discovery. Doc. No. 18. Respondent opposes petitioner's request. Doc. No. 19. For the reasons that follow, petitioner's limited request for discovery, Doc. No. 18, is **GRANTED**.

　　　　This action involves petitioner's convictions after a jury trial in the Delaware County Court of Common Pleas on various charges of gross sexual imposition, unlawful sexual conduct with a minor, and rape. On January 25, 2005, petitioner was sentenced to an aggregate term of twelve years incarceration. Exhibit N to Return of Writ. Petitioner's convictions and sentence were affirmed by Ohio's Fifth District Court of Appeals and by the Ohio Supreme Court. *See* Exhibits R and U to Return of Writ. On June 9, 2006, represented by counsel, petitioner filed the instant habeas corpus petition.

　　　　Petitioner seeks discovery in support of his allegations in claims three and seven, wherein petitioner asserts that he was denied the right to present a defense because the trial court refused to order pre-trial disclosure of an audio tape of Lauren Haller's initial statement to police, and the ineffective assistance of counsel due to his attorney's failure to file motion to suppress Lauren

Haller's testimony as tainted by unduly suggestive interview techniques, and failure to request a continuance for review of the audio tape in its entirety by defense expert Jeff Smalldon. Lauren Haller was one of the alleged victims in this case.

>As discussed by the state appellate court:
>
>>The trial court ruled that the information [on the audiotape] was not subject to disclosure because it was a "witness statement" pursuant to Crim. R. 16(B)(3). (Judgment Entry Granting Motion to Reconsider Order Granting Motion to Compel Filed August 11, 2004, filed Aug. 24, 2004). However, the trial court did allow appellant to provide Dr. Smalldon with the questions the interviewer asked Lauren; Lauren's answers were redacted. (T. at 532). In addition the record discloses that the audio tape was made available to Dr. Smalldon on Sunday, November 7, 2004. (*Id*. at 505). Dr. Smalldon did not testify until Tuesday, November 9, 2004). (*Id*. at 503). Dr. Smalldon offered no reason as to why he was unable to review the audio tape prior to testifying. Appellant did not request a continuance to allow Dr. Smalldon additional time to review the tape.
>>
>>\*\*\*
>>
>>Dr. Smalldon testified as to what, in his opinion, is the proper standard for interviewing a child sexual abuse victim. (T. at 507-514; 562-571). Dr. Smalldon reviewed the police reports, Children's Services records, as well as the redacted interview with Lauren. (Id. at 505; 561). Dr. Smalldon highlighted his concerns to the jury with the interview process based upon the questions the examiner had asked Lauren during the tape-recorded interview. (*Id.* at 573-575). Dr. Smalldon found the interviewing process of Lauren Haller to be flawed or "tainted." (Id. at 575-76). Dr. Smalldon further testified that "I wouldn't say that there is a single, accepted protocol." (T. at 507; 532). However, Dr. Smalldon further testified that the fact that the protocol was tainted does not necessarily mean that the allegations were fabricated. *(Id*. at 537-38).
>
>*State v. Brown,* 2005 WL 2727129 (Ohio App. 5 Dist. October 20, 2005), Exhibit R to Return of Writ.

In his discovery request petitioner states that, although the prosecutor turned over the entire

2

audio tape to defense counsel during trial, defense counsel either lost or failed to make a copy of the tape. Respondent nonetheless opposes petitioner's discovery request, arguing that petitioner failed to make the audio tape a part of the record on appeal, and that he is therefore precluded under *Williams v. Taylor*, 529 U.S. 420 (2000), from this Court's consideration of the audiotape as a part of the record in these habeas corpus proceedings. *Respondent's Memorandum Contra Motion to Expand Record.*

The discovery processes contained in the Federal Rules of Civil Procedure do not apply across the board in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases in the United States District Courts were promulgated in 1976.

Specifically, Rule 6(a) provides –

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is... entitled to relief....'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *rehearing en banc denied*, Nov. 29, 2001.

"The burden of demonstrating the materiality of the information

>requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner has met this burden here.

Petitioner also argues that review of Lauren Haller's taped statement is required for resolution of his habeas corpus petition; respondent objects to expansion of the record to include Haller's taped statement. However, the issue of whether the record should be expanded to include the contents of Lauren Haller's taped statement to police is not now before this Court and therefore will not be considered here. Petitioner has filed solely a limited request for discovery of the tape that was previously disclosed by the prosecutor, and petitioner's request is granted. If petitioner files a request to expand the record to include Haller's audio taped statement to police, the Court will consider whether petitioner can meet the requirements of 28 U.S.C. §2254(e)(2) for consideration of such evidence in habeas corpus proceedings.

For all of the foregoing reasons, petitioner's limited request for discovery of Lauren Haller's audio taped statement to police, Doc. No. 18, is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Terence P. Kemp<br>United States Magistrate Judge