IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER BROWN,** | **CASE NO. 2:06-cv-448** |
| | **JUDGE SMITH** |
| Petitioner, | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **MICHAEL SHEETS, Warden,** | |
| Respondent. | |

## OPINION AND ORDER

On August 8, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's recommendations. Petitioner's motion to expand the record with copies of the Bills of Particulars filed in this case and attached to his motion, *see* Doc. No. 32, is **GRANTED.**

For the reasons that follow, however, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

Petitioner objects to all of the Magistrate Judge's recommendations. He complains that the Magistrate Judge conducted an intermediate rather than a *de novo* review of claim one. *Objections*, at 10. He contends that the Magistrate Judge failed to conduct a meaningful factual review of the claim and improperly recommended dismissal where the alleged victims' trial testimony conflicted with the grand jury testimony. *Id.* This Court is not persuaded by petitioner's arguments. Even under a *de novo* standard of review, claim one fails. Factual findings of the state trial court are presumed to be correct. 28 U.S.C. 2254(e). Further, and contrary to petitioner's argument here, the record does not reflect that Kimberly Haller's grand jury testimony constituted material exculpatory

evidence as defined under *Brady v. Maryland*, 373 U.S. 83 (1963).

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim two on the merits. He again argues that the trial court improperly failed to conduct an *in camera* review of follow up therapeutic counseling records of the alleged victims under *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 (1987). *Objections,* at 12. He contends that the state appellate court and Magistrate Judge improperly required him to demonstrate that the records contained relevant information, and contends that, in any event, he met such burden. For the reasons detailed in the Magistrate Judge's *Report and Recommendation,* this Court is not persuaded by petitioner's arguments.

Petitioner complains that the Magistrate Judge improperly failed to conduct a *de novo* review of claim three. He again asserts that he was prejudiced by the State's untimely disclosure of the transcript of Lauren Haller's initial interview with police because he was unable to file a motion to suppress her testimony and could not use the transcript of her initial interview to impeach her testimony at trial. As was noted by the Magistrate Judge, however, even under a *de novo* standard of review, claim three fails. Further, nothing prevented petitioner from filing a pre-trial motion to suppress Lauren Haller's testimony as tainted. Likewise, nothing prevented him from providing the transcript of her initial statement to defense expert Smalldon to review before Smalldon testified. This Court agrees that the record does not indicate that petitioner was denied the right to present a defense by the State's mid-trial disclosure of the entirety of Haller's initial statement to police.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim four on the merits. He again complains that the Magistrate Judge failed to apply the correct standard of review, and ignored "all of the relevant discussion and legal citations contained in petitioner's pleading." This Court has carefully considered the entire record and all of the arguments presented.

For the reasons discussed by the Magistrate Judge, this Court likewise concludes that claim four is without merit.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim five on the merits. He clarifies that his claim raises an issue that the "prosecutor kept changing the dates and the specifics concerning the alleged offenses." *Objections*, at 19. In support of claim five, petitioner again refers to defense counsel's statements that "he was not able to understand the charges because of the amendments to the indictment." *Id.* For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are overruled.

Petitioner likewise objects to the Magistrate Judge's recommendation of dismissal of claim six. Petitioner again complains that the Magistrate Judge used an improper standard of review. He contends that he was denied a fair trial when the trial court failed to grant his request for a continuance at the close of the State's evidence, as well as prior to trial, and complains that no court has addressed his claim in the context of *Powell v. Collins*, 332 F.3d 376, 396 (2003). *Objections,* at 22-23. Petitioner's arguments are not persuasive. Contrary to petitioner's allegation here, the Magistrate Judge specifically referred to the factors to be considered under *Powell v. Collins, supra*, in concluding that the trial court had not unconstitutionally denied petitioner a request for continuance in this case. *Report and Recommendation*, at 40. The state appellate court referred to *Ungar v. Sarafite*, 376 U.S. 575, 589-90 (1964)(referred to in *Powell v. Collins, supra*.) *See* Exhibit R to Return of Writ. Under a *de novo* or more deferential standard of review, petitioner has failed to establish actual prejudice so as to warrant federal habeas corpus relief from the trial court's refusal to grant him a continuance either after the prosecutor amended the indictment on the first day of trial to correct a typographical error regarding the dates charged in counts nine through twelve

in Case Number 04CR-I-06-255, or at the close of the State's case, when the amended Bill of Particulars was filed. *Powell v. Collins, supra*, 332 F.3d at 396. The record reflects that counsel requested a discharge of the jury at the close of the State's case so that he could determine what crimes were charged. *Transcript,* at 705. In view of the discovery material that had been provided, the record fails to support counsel's allegation that he was denied notice of the charges so as to present a defense. Amendment of the indictment did not change the nature or identity of the crimes. A discharge of the jury at the close of the State's case certainly would have resulted in an inconvenience to the court and to the jury. *See Powell v. Collins, supra.* Further, as discussed in the Magistrate Judge's *Report and Recommendation*, the defense argued that the alleged acts had never taken place. Such defense was not identifiably impaired by amendment of the Bill of Particulars. *Id.*

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim seven on the merits. He again raises all of the same arguments that previously were presented. He asserts that the Magistrate Judge improperly made post hoc rationalizations, as did the state appellate court, to conclude that his attorney was not constitutionally ineffective under the test set forth in *Strickland v. Washington*, 466 U.S. 669 (1984). He also complains that the Magistrate Judge failed to explain why each of the statements his attorney failed to object to were admissible. *Objections*, at 28. Upon review of the record, this Court concludes, as did the Magistrate Judge and Ohio Court of Appeals, that petitioner has failed to establish the ineffective assistance of counsel under the two-pronged test of *Strickland*. As discussed by the Magistrate Judge, petitioner has failed to establish that he was prejudiced by any of the testimony about which he complains.

Finally, petitioner objects to the Magistrate Judge's refusal to permit him to expand the

record with the affidavit of defense counsel. He again argues at length that an affidavit from defense may now properly be considered by this Court in support of his claims. *Objections*, at 32-35. For the reasons discussed by the Magistrate Judge, this Court does not agree. Further, the Court notes that consideration of the affidavit at issue does not alter the outcome of these proceedings on any of petitioner's claims.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation.* This Court carefully has reviewed the entire record, and considered all of the arguments presented. Petitioner's motion to expand the record with copies of the Bills of Particulars filed in this case attached, *see* Doc. No. 32, is **GRANTED.** For all of the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

**IT IS SO ORDERED.**

/s/ George C. Smith
GEORGE C. SMITH
United States District Judge