IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER BROWN,**          **CASE NO. 2:06-cv-448**
                                                  **JUDGE SMITH**
          **Petitioner,**              **MAGISTRATE JUDGE KEMP**

**v.**

**MICHAEL SHEETS, Warden,**

          **Respondent.**

## OPINION AND ORDER

On October 16, 2007, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's November 14, 2007, notice of appeal, which this Court construes as a request for a certificate of appealability. For the reasons that follow, petitioner's request for a certificate of appealability, Doc. No. 39, is **GRANTED,** in part, and **DENIED**, in part. His request to proceed *in forma pauperis* on appeal, Doc. No. 36, is **GRANTED.**

In this habeas corpus petition, petitioner asserts:

       1. Christopher Brown's convictions are constitutionally infirm because the trial prosecutor failed to provide defense counsel with exculpatory evidence.

       2. Chrisopher Brown's convictions are constitutionally infirm because the trial court refused to conduct an in camera review of Lauren and Kimberly Haller's counseling records and Lauren Haller's recorded statement to the Minnesota case worker.

       3. Christopher Brown's convictions are constitutionally infirm because the trial court refused to order the release of the audio tape of the initial interview of Lauren Haller.

       4. Christopher Brown's convictions are constitutionally infirm because the trial court permitted the two indictments to be

>consolidated.
>
>5. Christopher Brown's convictions are constitutionally infirm because the trial court permitted the prosecutor to amend the indictment on the first day of trial and the bill of particulars upon conclusion of the State's case in chief, thereby depriving him of adequate notice.
>
>6. Christopher Brown's convictions are constitutionally infirm because the trial court refused to continue the proceeding after it permitted the prosecution to amend the indictment and the amended bill of particulars.
>
>7. Christopher Brown's convictions are constitutionally infirm because trial counsel failed to provide him with reasonable effective assistance of counsel.

On October 16, 2007, final judgment was entered dismissing all of petitioner's claims on the merits.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

>that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id*.

This Court concludes that petitioner has failed to establish either that reasonable jurists would debate whether the Court was correct in its dismissal of claims one through six. Petitioner's request for a certificate of appealability on claims one through six therefore is **DENIED.** That said, the Court concludes that reasonable jurists could debate whether this Court was correct in its

dismissal of claim seven, in which petitioner asserts the ineffective assistance of counsel. Petitioner's request for a certificate of appealability therefore is **GRANTED** on claim seven.

The Court certifies the following issue for appeal:

> Was petitioner denied the effective assistance of trial counsel due to his attorney's failure to conduct reasonable investigation by inadequately interviewing alleged victim Kimberly Haller and failing to interview alleged victim Lauren Haller, failing to file a pre-trial motion to dismiss Lauren Haller's statement as flawed or tainted, failing to object to inadmissible evidence, failing to conduct adequate cross examination, and erroneously calling Clyde Haller as a defense witness?

The Court must also address petitioner's request to proceed *in forma pauperis* on appeal. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Upon review of his financial affidavit, the Court concludes that he cannot. Petitioner's request to proceed *in forma pauperis* on appeal, Doc. No. 36, therefore is **GRANTED**.

**IT IS SO ORDERED.**

    \s\ George C. Smith
GEORGE C. SMITH
United States District Judge